# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DEBRA LAWSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 4267 |
| ) | |
| **H.U.D. (U.S. DEPARTMENT OF URBAN** ) | |
| **DEVELOPMENT)**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Pro se plaintiff Debra Lawson ("Lawson") has filed a self-prepared Complaint charging three defendants -- the United States Department of Housing and Urban Development ("HUD"), the Single Room Housing Assistance Corporation and Rosemoor Suites Properties -- with violations of various federal statutes and regulations, based primarily (if not exclusively) on Lawson's asserted disability. Because Lawson's accompanying In Forma Pauperis Application ("Application") confirms her inability to pay the filing fee or to retain counsel because of her indigency, the aspect of the Application that seeks leave to proceed without payment of a filing fee is granted.

As for the other facet of the Application, Lawson's Motion for Appointment of Counsel ("Motion") confirms that she has complied with our Court of Appeals' requirement that a financially needy plaintiff must have made efforts to have sought out counsel on his or her own. But that said, the Motion is puzzling in one respect. In its April 28, 2014 letter to Lawson declining her request for representation because of its own lack of resources, the Center for Disability & Elder Law suggested that she communicate with the Lawyer's Committee for Better Housing or Legal Assistance Foundation ("LAF"). Lawson's Motion reflects that she followed

up with LAF but <u>not</u> with the first-listed organization, even though its name suggests that it might have been a better candidate.

Consequently, although this memorandum order is designating a member of the trial bar to represent Lawson in the first instance, it also requires her to address a request for representation to the Lawyer's Committee for Better Housing -- and if she fails to make such a request and report on the result of that request promptly, this Court will consider rescinding the present designation. Hence this Court also grants Lawson's Motion -- but conditionally -- and designates this member of the trial bar to represent Lawson pro bono publico:

> Thomas Yale Mandler
> Hinshaw & Culbertson LLP
> 222 North LaSalle Street
> Suite 300
> Chicago, IL 60601
> (312) 704-3056
> Email: tmandler@hinshawlaw.com.

This memorandum order also complies with the recently adopted protocol of the United States Marshals Service ("Service") for the service of process on defendants. To that end this Court directs the Clerk of Court to issue summonses for service of the Complaint on defendants and appoints the Service to carry out such service. Lawson is notified that a completed USM-285 (Marshals Service Form) is required for each named defendant and that the Service will not attempt to make the service unless and until those required forms are received.

Accordingly Lawson must complete a service form for each defendant and return those forms to the Clerk of Court within 35 days of the date of this order. Failure to return the USM-285 form by that date may result in dismissal of the case for failure to prosecute. Before attempting personal service the Service is authorized to send a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2).

Finally, this Court is contemporaneously issuing its customary initial scheduling order. It transmits a copy of that order to Lawson's designated counsel.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 24, 2014