IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBRA LAWSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14 C 4267 |
| H.U.D. (U.S. DEPARTMENT OF URBAN DEVELOPMENT), et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

With more than one motion then pending that had sought to dismiss the Amended Complaint filed in this action by Debra Lawson ("Lawson"), on December 17, 2014 this Court granted Lawson's oral motion for leave to file a Second Amended Complaint on or before January 9, 2015. That order was of course accompanied by the entry and continuation of the then-pending motions.

As this Court had directed, on January 9 Lawson indeed filed her Second Amended Complaint with no fewer than 16 exhibits, and on the next working day (January 12) Lawson filed an inadvertently omitted seventeenth exhibit (Ex. E). But Lawson's counsel has ignored the explicit directive of this District Court's LR 5.2(f) that requires the delivery of a paper copy of the Amended Complaint and exhibits for this Court's use within one business day after filing.[1] To underscore the importance of that requirement to the case management procedures followed

---

[1] In an effort to monitor compliance with that requirement (which has regrettably not always been adhered to by lawyers), both this Court's secretary and its courtroom deputy maintain lists of all deliveries by counsel to this Court's chambers. Although that recordkeeping is intended to be error-free, if counsel here were to establish that what is said in this memorandum order is in error, the sanction called for by this memorandum order will of course be rescinded.

by this Court, the first paragraph in its website repeats the requirement, adding that a delivery to this Court's chambers on the date of filing, if possible, would be appreciated (although such earlier delivery is not essential).

Despite the literal one-business-day requirement of LR 5.2(f), this Court has customarily allowed a grace period -- typically a week or so[2] -- before the issuance of this type of memorandum order. In this instance that added time has elapsed without compliance by plaintiff's counsel, and this Court hereby orders:

1. that the missing copy of the Amended Complaint and exhibits be delivered to this Court's chambers forthwith[3] and

2. that such delivery be accompanied by a check for $200 payable to the "Clerk of the District Court" by reason of the LR 5.2(f) violation, a requirement foreshadowed by the opening provision in this Court's website.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　　Senior United States District Judge

Date: January 16, 2015

---

[2] That grace period varies somewhat from case to case, the result of this Court's obtaining the Clerk's Office printouts reflecting new case filings only sporadically rather than on a regular (say weekly) basis.

[3] As Lawson's counsel is aware, this Court's December 17 order also set a January 23 status hearing date, effectively underscoring the need for compliance with LR 5.2(f).