# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **DEBRA LAWSON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 4267 |
| | ) | |
| **THE UNITED STATES DEPARTMENT OF** | ) | |
| **HOUSING AND URBAN DEVELOPMENT**; | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

This Court's understanding has been that the Debra Lawson ("Lawson") motion in Dkt.
No. 100, captioned "Motion To Compel Compliance with Written Discovery Requests" (the
"Motion"), which was responded to by Rosemoor Suites, LLC ("Rosemoor") in Dkt. No. 103,
was no longer in issue (at least in principal part) because it is clear that Lawson was not a
participant in the settlement agreement between Rosemoor and the Rosemoor Tenants' Union --
an agreement that would otherwise have barred Lawson's action against Rosemoor in this case.
In that respect, see the June 24, 2014 e-mail from Kirkland & Ellis attorney Christine Payne to
Rosemoor's counsel Arnold Landis in Ex. E to Dkt. 100.

In addition, most of the other discovery requests that form the gravamen of the Motion
are vulnerable to Rosemoor's opposing contentions that have taken the form of blunderbuss
objections of overkill and insufficient support -- objections that are usually uninformative, but in
this instance appear to justify those contentions. In particular, Lawson's broadside requests that
seek detailed information describing construction activities at the property that is the subject

matter of her lawsuit[1] certainly appear to call for the standard litany of responses -- "overbroad, unduly burdensome, irrelevant and unlikely to lead to discovery of relevant evidence" -- that seldom finds a sympathetic ear on the part of this Court.  Moreover, some of the Rosemoor responses conclude by stating "defendant will supplement its response."

Here it is apparent that further Fed. R. Civ. P. 37 conferencing between the parties' counsel is in order.  Hence the Motion is denied without prejudice.  If after such conferences take place Lawson's counsel is then in a position to advance a more focused set of objections to Rosemoor's discovery responses and notices such a motion up for presentment, Rosemoor's counsel and this Court can take a fresh look at the matter.  In the meantime the previously established November 8, 2016 status hearing remains in effect.

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 19, 2016

_____

[1]  For example, such requests seek "copies of all documents concerning construction activities at the property from March 2013 to August 2014" and "copies of all permits obtained by Rosemoor for construction activities on the property from March 2013 to August 2014, including application for the permits" -- and the list goes on.